# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re FIRST AMERICAN
FINANCIAL CORPORATION
CASES

This Document Relates to
ALL CASES

CASE NOS.:
8:19-cv-01009-DSF-E
8:19-cv-01022-DSF-E
8:19-cv-01023-DSF-E
8:19-cv-01040-DSF-E
8:19-cv-01051-DSF-E
8:19-cv-01078-DSF-E
8:19-cv-01102-DSF-E
8:19-cv-01105-DSF-E
8:19-cv-01112-DSF-E
8:19-cv-01137-DSF-E
8:19-cv-01156-DSF-E
8:19-cv-01176-DSF-E
8:19-cv-01180-DSF-E
8:19-cv-01234-DSF-E
8:19-cv-01293-DSF-E
8:19-cv-01305-DSF-E
8:19-cv-01316-DSF-E
8:19-cv-01533-DSF-E
8:19-cv-05552-DSF-E
8:19-cv-06576-DSF-E

ORDER TO SHOW CAUSE RE
ADEQUACY OF COUNSEL

Although adequacy of counsel is ordinarily determined at a
later stage of the proceedings, it appears an early preliminary
determination of whether counsel seeking to be appointed as lead

counsel or otherwise to play a significant role on behalf of the class(es) are likely to be found adequate would serve the interests of the putative class and of judicial economy. Therefore, Plaintiff's counsel seeking to be named lead counsel and other counsel who intend to play a significant role are ordered to show cause in writing why they would be adequate counsel to represent a class if a class were certified. In appointing class counsel, the Court:

(A) must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.

Fed.R.Civ.P. 23(g)(1).

The response must provide full and complete information responsive to Rule 23(g)(1)(A) and (B), and sufficient for the Court to make an informed decision. Among other things, counsel must:

1. Identify (by court, case name, case number, etc.) all putative class actions filed by any law firm and any individual attorney seeking to be named as class counsel in any court, and state whether a motion for class certification was filed, whether a class was certified, and, if so, whether the firm or attorney was named as class counsel (if there are more than 10 for any individual or firm, describe the most recent or most significant 10). If a class certification motion was denied in any such class action (even if it was not one of the 10 listed), specify the reasons given by the court and provide a copy of the opinion or decision;

2.  Describe the trial experience of each individual attorney seeking to be named as class counsel;

3.  Describe the experience of each individual attorney seeking to be named as class counsel in other complex cases and in the types of claims asserted in this action, describe the nature of the cases/claims, identify the cases (by court, case name, case number, etc.) (if there are more than 10 for any individual or firm, describe the most recent or most significant 10);

4.  Identify (by court, case name, case number, etc.) <u>all</u> cases in which the court found any law firm or any individual attorney seeking to be named here as class counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, specify the reasons given by the court and provide a copy of the opinion or decision;

5.  Identify (by court, case name, case number, etc. or other appropriate description) <u>all</u> cases (not limited to class actions or putative class actions) or circumstances in which the conduct or ethics (professional or otherwise) (including billing practices) of any law firm or any individual attorney seeking here to be named as class counsel have been the subject of written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter ("written inquiry" includes an inquiry stated on the record even if not documented in writing);

6.  Identify (by court, case name, case number, etc.) <u>all</u> cases (not limited to class actions or putative class actions) in which any law firm or any individual attorney seeking to be named here as class counsel has been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

7.  Identify (by court, case name, case number, and charge) any criminal conviction (other than infractions) of any counsel seeking to be named as class counsel;

8.  Identify (by court, case name, case number, etc.) <u>all</u> cases (not limited to class actions or putative class actions) in which any counsel or any law firm representing Plaintiff has previously represented, or is currently representing, Plaintiff and any present or previous relationship with Plaintiff;

9.  Provide any agreement relating to this action with any person or entity other than Plaintiff;

10.  Provide counsel's proposal for terms for attorney's fees and nontaxable costs;

11.  Describe any liens against the assets, etc. of any law firm or any individual attorney seeking to be named here as class counsel;

12.  Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees.  (The latter information may be filed in camera and under seal.)

See Rule 23(g)(1)(C).

The Court requires that each attorney and firm seeking here to be named as class counsel answer separately (but not necessarily in a separate document).  In addition, counsel must provide all information responsive to items 4, 5, and 6 regarding any applicable case or circumstance involving a former law firm but based in whole or in part on the conduct of the individual attorney seeking here to be named as class counsel.

IT IS SO ORDERED.

Date: October 15, 2019

Dale S. Fischer
United States District Judge